UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

ROBERT W. MARLER, TDOC # 361421   )
                                  )
v.                                )   NO. 2:09-CV-210
                                  )   *Jordan/Inman*
DAVID MILLS, Warden               )

**MEMORANDUM OPINION**

State prisoner Robert W. Marler brings this *pro se* petition for a writ of habeas corpus, under 28 U.S.C. § 2254, challenging the legality of his confinement under a 2003 Sullivan County, Tennessee, judgment. Petitioner was convicted of reckless homicide and especially aggravated robbery and received an effective sentence of twenty-five years. Respondent has moved to dismiss this action, arguing that the petition is time-barred under the applicable limitations statute. Because the Court agrees with respondent, his motion will be **GRANTED**.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") contains a one-year statute of limitations governing the filing of an application for a federal writ of habeas corpus. *See* 28 U.S.C. § 2244. The statute begins to run when one of four circumstances occurs: the conclusion of direct review; upon the removal of an impediment which prevented a petitioner from filing a habeas corpus petition; when

a petition alleges a constitutional right, newly recognized by the Supreme Court and made retroactive on collateral review; or when a claim depends upon factual predicates which could not have been discovered earlier through the exercise of due diligence. *Id.* The time is tolled, however, during the pendency of a properly filed application for state post-conviction relief. *Id.*

Here, the first circumstance is the relevant one. On direct review, the Court of Criminal Appeals affirmed petitioner's conviction on July 12, 2004, and the Tennessee Supreme Court denied his application for permission to appeal on November 15, 2004. *State v. Marler*, No. 2003-02179-CCA-R3-CD, 2004 WL 1562529 (Tenn. Crim. App. July 12, 2004), *perm. app. den.* (Tenn. 2004). Ninety days later, on February 14, 2005, petitioner's opportunity to file a petition for a writ of certiorari in the United States Supreme Court expired. At this point, petitioner's conviction became final, for purposes of § 2244(d)(1)(A), and the clock started ticking the next day. *See* Fed. R. Civ. P. 6(a)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000) (holding that the last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions). Thus, the time period for filing his § 2254 petition would expire one year afterward, on February 15, 2006, unless something stopped the clock.

As noted, the limitations statute is tolled while a properly filed state post-conviction is pending. *See* 28 U.S.C. § 2244(d)(2). Petitioner filed a state post-conviction petition in the Sullivan County Criminal Court on April 5, 2005, [Attach. C, Order of Judge Jerry Beck, dated June 9, 2005], and, thereby, stopped AEDPA's one-year time clock, which had run for forty-eight (48) days. The post-conviction court denied relief; petitioner appealed; the state appellate court affirmed the trial court's decision; and the highest state court denied further review on August 25, 2008. *Marler v. State*, No. 2007-00422-CCA-R3-PC, 2008 WL 1904013 (Tenn. Crim. App. May 1, 2008), *perm. app. den.* (Tenn. 2008). The next day the AEDPA's clock resumed running. It ran for three-hundred, seventeen (317) days more and lapsed on July 8, 2009. Therefore, because the 1-year statute of limitations in § 2244(d)(2) expired on July 8, 2009, this petition, filed on September 18, 2009 (under the prison mailbox rule), is time-barred.[1]

The one-year statute of limitations in AEDPA, however, is not jurisdictional and is subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir.), *cert. denied*, 534 U.S. 1057 (2001). Equitable tolling rarely applies, *King v. Bell*, 378 F.3d 550, 553 (6th Cir. 2004), and, typically, "only when

---

[1] Under the prison mailbox rule in *Houston v. Lack*, 487 U.S. 266 (1987), a petitioner's § 2254 application is deemed to have been filed on the date postmarked on the face of envelope containing his pleading.

a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003). Petitioner bears the burden of showing that he is entitled to equitable tolling. *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). The Court sees nothing in the petition which would invoke the equitable tolling doctrine. Accordingly, equitable tolling of the limitations period is not available to petitioner, and his habeas corpus petition will be **DISMISSED** as untimely. 28 U.S.C. § 2244(d)(1).

Finally, for reasons contained in this memorandum, the Court finds that petitioner has failed to make a substantial showing of the denial of a constitutional right because jurists of reason would not disagree about the correctness of this procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001). Thus, the Court will also **DENY** issuance of a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

A separate order will enter.

**ENTER:**

_____
LEON JORDAN
UNITED STATES DISTRICT JUDGE